## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TERRI V. LOWE,

     Plaintiff,

vs.

UNIVERSAL MUSIC GROUP, INC.,
MUSIC ROYALTY CONSULTING,
INC., d/b/a HITCH MUSIC, PARVIZ
OMIDVAR,

     Defendants,

and

THE AMERICAN SOCIETY OF
COMPOSERS, AUTHORS AND
PUBLISHERS ("ASCAP"),

     Nominal Defendant.

Civil Action Case No:

___

## NOTICE OF REMOVAL

Subject to and without waiving their defenses, including but not limited to insufficient process and insufficient service of process, Defendants Music Royalty Consulting, Inc. ("MRCI") and Parviz Omidvar (together, the "Removing Defendants") hereby remove this action from the Superior Court of Douglas County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of removal, the Removing Defendants show the following:

- 1 -

4900-8808-4416_4

## THE SUPERIOR COURT ACTION

1. On July 15, 2026, Plaintiff Terri V. Lowe filed a civil action against Defendants in the Superior Court of Douglas County, State of Georgia, captioned *Terri V. Lowe v. Universal Music Group, Inc., et al.*, Civil Action No. 26CV01471 (the "Superior Court Action").

2. The Complaint alleges claims for declaratory judgment, injunctive relief, equitable accounting, conversion, and unjust enrichment, all arising from a 2018 Irrevocable Royalty Purchase Agreement and the routing of royalties associated with Plaintiff's musical works.

3. Defendant Universal Music Group, Inc. ("UMG") was served through its registered agent, CT Corporation System, on July 17, 2026.

4. Upon information and belief, Plaintiff has not accomplished service of process on Nominal Defendant American Society of Composers, Authors and Publishers ("ASCAP").

5. Upon information and belief, Plaintiff has not accomplished service of process on the Removing Defendants.

6. This action is removable under 28 U.S.C. § 1441(a), which provides that a civil action brought in state court of which the district courts have original jurisdiction may be removed to the district court and division embracing the place where the action is pending.

4900-8808-4416_4

7.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders in the Superior Court Action is attached as **Exhibit "A**."

**8.**      Exhibit "A" represents the documents as filed by Plaintiff in the Superior Court Action. The Removing Defendants note that Plaintiff's exhibits (as filed) are missing pages.

## DIVERSITY JURISDICTION

9.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Section 1332(a) grants district courts original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

10.      For removal purposes, complete diversity effectively existed when Plaintiff filed the Superior Court Action and continues to exist as of the date of this Notice of Removal.

11.      Plaintiff is domiciled in and is a citizen of Georgia. Plaintiff alleges in paragraph 1 of her Complaint that she is an individual residing in Douglasville, Douglas County, Georgia. *See* Exhibit "A."

12.      MRCI is a California corporation with its principal place of business in California, making it a citizen of that state. 28 U.S.C. § 1332(c)(1).

13.      Parviz Omidvar is domiciled in and a citizen of California.

4900-8808-4416_4

14. UMG is a Delaware corporation with its principal place of business in California and is thus a citizen of those states. *See* Exhibit "A," ¶ 3; 28 U.S.C. § 1332(c)(1).

15. Both "Universal-Polygram International Publishing" and "Universal Polygram Int. Publ., Inc." are named in the Superior Court's summons, but not in Plaintiff's Complaint caption. Regardless, these alleged entities do not exist. The former is a d/b/a of Polygram Publishing, Inc. ("Polygram Publishing"); the latter was merged into Polygram Publishing in 2017. Polygram Publishing was not properly named by Plaintiff. Even if it had been, it is a Delaware company with a principal place of business in California, making it a citizen of those states. 28 U.S.C. § 1332(c)(1).

16. Upon information and belief, ASCAP is an unincorporated membership association and, therefore, deemed to be a citizen of every state in which it has members. Nevertheless, ASCAP's citizenship is irrelevant for removal purposes. Plaintiff in her complaint denominates ASCAP as a "Nominal Defendant" and alleges that ASCAP is joined "solely as a nominal and necessary party" to effectuate declaratory and injunctive relief, seeking only ASCAP's administrative compliance and no damages against it. Exhibit "A," ¶¶ 15-17. A federal court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

- 4 -

17.   The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks disgorgement of at least $164,463.80 in claimed ASCAP over-payments and up to $550,343.21 in claimed "Universal Music Publishing Group" ("UMPG") account extractions, together with punitive damages, prejudgment and post-judgment interest, and costs. *See* "Exhibit A," ¶¶ 271-273.

## VENUE

18.   Venue is proper in this Court under 28 U.S.C. § 1441(a). The Northern District of Georgia, Atlanta Division, is the federal judicial district and division embracing Douglas County, Georgia, where the Superior Court Action has been pending. 28 U.S.C. § 90(a)(2).

## PROCEDURAL REQUIREMENTS

19.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after service of the Complaint on UMG, the only defendant that has been served.

20.   Defendant UMG consents to the removal of this action. *See* **Exhibit "B."** Nominal Defendant ASCAP has not been served with process but its counsel has confirmed that, if properly served by Plaintiff, ASCAP will also consent to removal.

21.   In accordance with 28 U.S.C. § 1446(d), the Removing Defendants are contemporaneously serving written notice of this removal on Plaintiff and filing a

- 5 -

copy of this Notice of Removal with the Clerk of the Superior Court of Douglas County, State of Georgia. The Notice of Filing of Notice of Removal in Superior Court is attached as **Exhibit "C."**

WHEREFORE, the Removing Defendants remove this civil action to this Court by filing this Notice of Removal, giving written notice to Plaintiff, and filing a copy of this Notice of Removal with the Clerk of the Superior Court of Douglas County, State of Georgia.

Respectfully submitted, this 10th day of August, 2026.

s/ Kevin A. Maxim
Georgia Bar No. 478580
The Maxim Law Firm, P.C.
1718 Peachtree St., NW
Suite 599
Atlanta, GA  30309
Phone: (404) 924-4272
E-mail: kmaxim@maximlawfirm.com

and by:

BODMAN PLC
Stephen P. Dunn (MI P68711)
(Application for *pro hac vice* admission forthcoming)
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
(248) 743-6000
sdunn@bodmanlaw.com

- 6 -

4900-8808-4416_4

- 7 -

**Attorneys for Defendants
Music Royalty Consulting, Inc.
and Parviz Omidvar**

## CERTIFICATE OF COMPLIANCE

I certify that we have prepared the foregoing using Times New Roman 14 pt.

font in compliance with the requirements set forth in N.D. Ga. L.R. 5.1(C).

s/ Kevin A. Maxim
Kevin A. Maxim

4900-8808-4416_4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of August, 2026, I filed electronically

the foregoing document with the Clerk of Court using the CM/ECF system, which

automatically sent e-mail notification of such filing to the following party of

record:

Terri Lowe (terrilowe43@gmail.com)
1136 Joslin Path
Douglasville, GA  30134

<u>s/ Kevin A. Maxim</u>
Georgia Bar No. 478580
Attorney for Defendants
Attorneys for Music Royalty Consulting,
Inc. and Parviz Omidvar

The Maxim Law Firm, P.C.
1718 Peachtree St., NW
Suite 599
Atlanta, GA  30309
Phone: (404) 924-4272
E-mail: kmaxim@maximlawfirm.com

4900-8808-4416_4