FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
OCT 20 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TERRI V. LOWE,

Plaintiff,

v.

UNIVERSAL MUSIC GROUP, INC. (UMGI),

Defendant,

MUSIC ROYALTY CONSULTING, INC.; and PARVIZ OMIDVAR

Defendants,

and

THE AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS ("ASCAP")

Defendant,

CIVIL ACTION NO. 1:26-cv-04506-MHC
Removed from the Superior Court in Douglas County, Civil Action No. 26cv01471

Plaintiff's Notice of Statutory Delinquency Pursuant to Fed. R. Civ. P. 15(A)(3), Notice of Application for Clerk's Entry of Default, Material Changes in Operative Pleading (Ecf 41) Mooting Ecf 31, Preliminary Forensic Computation of Restated Damages (Rules 54(C) & 55(B)(2)), Demand for Separate Final Judgment Under Rule 58, and Notice of Heightened Standards Under Rules 55(C) and 60(B)

JUDGE MARK H. COHEN

---

**PLAINTIFF'S NOTICE OF STATUTORY DELINQUENCY PURSUANT TO FED. R. CIV. P. 15(a)(3), NOTICE OF APPLICATION FOR CLERK'S ENTRY OF DEFAULT, MATERIAL CHANGES IN OPERATIVE PLEADING (ECF 41) MOOTING ECF 31, PRELIMINARY FORENSIC COMPUTATION OF RESTATED DAMAGES (RULES 54(c) & 55(b)(2)), DEMAND FOR SEPARATE FINAL JUDGMENT UNDER RULE 58, AND NOTICE OF HEIGHTENED STANDARDS UNDER RULES 55(c) AND 60(b)**

---

**COMES NOW** Plaintiff Terri V. Lowe, appearing pro se, and respectfully submits this formal Notice regarding Defendant Universal Music Group, Inc. ("UMG"), showing the Court as follows:

## I. PROCEDURAL DEFAULT UNDER RULE 15(a)(3) & MOOTNESS OF ECF 31

A. On October 2, 2026, Plaintiff timely filed her First Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) (ECF 41). Contemporaneously on October 2, 2026, complete electronic service was completed by sending the filed documents to lead counsel for UMG, Vernon M. Strickland, Esq. (vstrickland@stricklanddebrow.com), pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the parties' written mutual consent agreement of August 21, 2026.

B. Pursuant to Fed. R. Civ. P. 15(a)(3), "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

C. The mandatory 14-day statutory response period prescribed by Rule 15(a)(3) expired on Friday, October 16, 2026.* Prior to the expiration of that mandatory statutory deadline, UMG filed no responsive pleading, no motion under Rule

12, no joinder in co-defendants' motions, and no motion for an extension of time under Fed. R. Civ. P. 6(b)(1)(A).

D. Under controlling Eleventh Circuit authority, an amended complaint supersedes the prior pleading, rendering motions directed at the obsolete complaint moot. See *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments"); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). Universal's prior Motion to Dismiss (ECF 31) was directed solely to the superseded original complaint and is moot as a matter of law.

E. By failing to timely respond within the period prescribed by Rule 15(a)(3), UMG has failed to plead or otherwise defend and is subject to entry of default pursuant to Fed. R. Civ. P. 55(a). Under Fed. R. Civ. P. 12(h)(1), UMG has waived any defenses listed in Rule 12(b)(2)–(5) that were not timely raised, and UMG may not file an untimely pre-answer motion absent leave of Court and an affirmative showing of excusable neglect under Rule 6(b)(1)(B).[1]

---

[1] Even under an alternative calculation measuring 14 days from the Clerk's formal docketing date of Monday, October 5, 2026 (ECF 41), the response period expired at 11:59 PM EDT on Monday, October 19, 2026. UMG remained silent through that deadline as well.

## II. MATERIAL CHANGES IN THE FIRST AMENDED COMPLAINT (ECF 41) RENDERING ECF 31 INAPPLICABLE AND DEFICIENT

A. Newly Pleaded Catalog and Routing Architecture: Plaintiff's First Amended Complaint (ECF 41) materially altered and expanded the operative factual allegations and causes of action, demonstrating on the record why UMG's superseded Motion to Dismiss (ECF 31) does not and cannot address the operative dispute:

1. 10-Digit Master Account Identifier: The FAC explicitly pleaded Plaintiff's 10-digit UMPG Master Account identifier (5137148025) (alongside Writer IPI 01064065970), corroborating that Plaintiff never conveyed her entire catalog and confirming Plaintiff's continuing undivided copyright ownership and participation rights.
2. Limitation of the Alleged IRPA to a Single Code (1591): The FAC pleaded that the alleged Irrevocable Royalty Purchase Agreement ("IRPA") relied upon by Defendants references solely a single PIP/payee code: 1591 ("Moltke, Terri – Red Hot Redness Music (1591)").
3. Identification of Parallel, Suppressed PIP Codes: The FAC identified three additional PIP/payee codes—specifically EP4Y, B75T, and B75U—which are completely separate from code 1591, were never part of the IRPA, and cannot be justified as authorized routing under that agreement.

4. Systemic Account Siphoning: The FAC established that Plaintiff's royalty receipts and percentage allocations are consistent with parallel, unauthorized routing pathways flowing through internal accounts outside the single 1591 pathway.

B. Because UMG's ECF 31 attacked only the original complaint, it failed to address these material, newly pleaded account structures, parallel PIP codes, and corporate dissolution averments. UMG cannot rely on a motion addressing an obsolete pleading to satisfy its mandatory statutory duty under Rule 15(a)(3).

## III. HEIGHTENED STANDARDS GOVERNING EXCUSABLE NEGLECT (RULE 55(c) / RULE 60(b))

A. UMG is legally precluded from submitting out-of-time filings without formal leave of Court supported by a sworn evidentiary showing of excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).

B. Plaintiff puts UMG on formal notice that any subsequent effort to set aside default proceedings under Fed. R. Civ. P. 55(c) or Fed. R. Civ. P. 60(b)(1) requires a strict demonstration of excusable neglect and a meritorious defense:

1. Under binding Eleventh Circuit precedent, attorney miscalculation of statutory deadlines, administrative oversight, or tactical delay does not constitute excusable neglect. See *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996,

998 (11th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986).

C. Having maintained continuous written and electronic receipt of ECF 41 since October 2, 2026, UMG can establish no credible grounds for excusable neglect.

## IV. RESERVATION OF FACTUAL ADMISSIONS UNDER RULE 8(b)(6) AND LACK OF CORPORATE CAPACITY

A. To the extent a responsive pleading was required under Rule 15(a)(3) and none was filed, Fed. R. Civ. P. 8(b)(6) dictates that well-pleaded factual allegations (other than those relating to the amount of damages) are admitted if not denied. Plaintiff preserves this principle for default proceedings, evidentiary hearings, and damages prove-up, including the following record facts:

1. Corporate Incapacity Under Fed. R. Civ. P. 17(b)(2) and 8 Del. C. § 278: Universal-PolyGram International Publishing, Inc. dissolved in Delaware in February 2017 (Entity File #2358044), and its statutory three-year corporate wind-down period expired in February 2020. Under Fed. R. Civ. P. 17(b)(2), Delaware law governs its capacity, and the entity lacked legal capacity post-2020 to enter new contracts, execute copyright assignments, enforce

licenses, or collect and route publisher royalties. This incapacity directly supports Plaintiff's claims for conversion and equitable accounting.

2. Lack of a Section 204(a) Instrument of Transfer: Neither UMG nor Universal-PolyGram holds a written conveyance or transfer instrument executed by Plaintiff authorizing the licensing, sub-publishing, or retention of Plaintiff's publishing shares under 17 U.S.C. § 204(a).
3. Unauthorized Royalty Funneling: UMG routed catalog royalties accrued on Plaintiff's works through Payee Account #1591 and unauthorized parallel accounts to Music Royalty Consulting, Inc. ("MRCI") and Parviz Omidvar without contractual privity or valid copyright assignments.

## V. PRELIMINARY FORENSIC COMPUTATION SCHEDULE & RESTATED DAMAGES EXCEEDING COVER SHEET (RULE 54(c) & RULE 55(b)(2))

A. Repudiation of Civil Cover Sheet Limitation: Plaintiff explicitly notifies the Court that Plaintiff does not seek, and affirmatively objects to, any default award limited to the preliminary $550,000.00 to $577,000.00 figure set forth on initial administrative cover sheets.

1. That preliminary figure reflected solely unadjusted, compressed payouts shown on initial portal screen summaries. Pursuant to Fed. R. Civ. P. 54(c), "every

other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

B. Reconciliation of Portal Financial Statements: For clarity of the record, Plaintiff notes that UMG's internal portal presents two related financial summaries:

1. An aggregate "Royalties Overview for World" gross receipt total of $550,370.95 (Exhibit Q, p. 337), and

2. A cumulative payout distribution figure of $566,219.07 routed through Payee Account #1591 across periods 2018-02 through 2026-01. The slight difference represents periodic processing cutoffs and net distribution adjustments, but both confirm an accounting base derived from a severely diluted percentage.

**D. Evidentiary Baselines (Exhibit K vs. System Dilution):**

1. Contractual Baseline (Exhibit K): Under the January 1, 1996 PolyGram Agreement, Plaintiff's publisher entity, Red Hot Redness Music, owns an undivided 12.5% global publisher share, and Plaintiff holds a 16.67% songwriter royalty baseline, with express direct-accounting obligations under Paragraph 5.

2. System Dilution (Exhibits A, PP, & AFK503): UMG reduced Plaintiff's mechanical and performance collection rates on internal ledgers and The MLC registrations to 4.17% (and foreign mechanical slices between 18.75%

and 21.87% of partial publisher fractions), cutting Plaintiff's rightful revenue participation by two-thirds.

3. Forensic Computation Schedule: To ensure the Court has an itemized computational framework supporting damages exceeding the civil cover sheet, Plaintiff tenders the following preliminary accounting:

**Line Item 1: Restored Publisher Baseline (2018–2026 Payouts via Acct #1591; Ex. Q, p. 337)**

A. Reported / Diluted Amount: $566,219.07 (calculated at ~4.17% collection share)

B. Contractual Baseline / Multiplier: 12.5% contractual baseline ÷ 4.17% diluted registration = 2.997x (approx. 3.0x multiplier)

C. Adjusted Restated Damages: $1,698,657.21

**Line Item 2: Suppressed PIP Catalog Codes (Unproduced Codes EP4Y, B75T, B75U; Ex. HH)**

A. Reported / Diluted Amount: Concealed on UMG portal ledgers

B. Contractual Baseline / Multiplier: Estimated yield at 12.5% contractual baseline across 37-song catalog

C. Adjusted Restated Damages: $550,000.00

**Line Item 3: Foreign Mechanical Withholdings & Direct Sub-Publishing Deductions (Ex. PP)**

A. Reported / Diluted Amount: Fractured slices (18.75%–21.87% of fractional shares)

B. Contractual Baseline / Multiplier: Disgorgement of unauthorized foreign administration withholdings

C. Adjusted Restated Damages: $225,000.00

**Line Item 4: Unallocated Interactive Streaming Exploitation (O.C.G.A. § 51-10-1 Conversion)**

A. Reported / Diluted Amount: Siphoned contrary to IRPA limitations

B. Contractual Baseline / Multiplier: 2019–2026 domestic & international digital streaming master yields

C. Adjusted Restated Damages: $353,219.07

**TOTAL PRELIMINARY MINIMUM RESTATED DAMAGES: $2,826,876.28**

A. The foregoing computation establishes that Plaintiff's actual accrued damages exceed $2,800,000.00. Plaintiff explicitly reserves the right to adjust this computation upward upon court-ordered production of UMG's master ingestion feeder files, CWR delivery acknowledgments, and raw international sub-publishing ledgers under Fed. R. Civ. P. 55(b)(2).

## VI. PROCEDURAL PATH UNDER RULE 55(b)(2) AND DEMAND FOR SEPARATE JUDGMENT UNDER RULE 58

A. Evidentiary Hearing and Judicial Accounting Under Rule 55(b)(2): Because Plaintiff's damages are unliquidated sums derived from continuous conversion and equitable accounting, Plaintiff will formally move under Fed. R. Civ. P. 55(b)(2) for a judicial accounting and damages prove-up hearing:

**"The court may conduct hearings or make referrals... when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."**

B. Demand for Separate Final Judgment Under Rule 58(a): Pursuant to Fed. R. Civ. P. 58(a), every judgment must be set forth on a separate document. Plaintiff expressly demands that, following the Rule 55(b)(2) accounting and hearing, the Court enter a formal, standalone Final Judgment on a separate document that incorporates:

1. A monetary judgment against Defendant Universal Music Group, Inc. reflecting the restated post-accounting damages exceeding $2,800,000.00; and
2. Permanent injunctive directives compelling UMG and its affiliates to correct all catalog registrations across all domestic and international collection

societies (including The MLC, ASCAP, BMI, and foreign CMOs), restoring Red Hot Redness Music's undivided 12.5% publisher share and terminating unauthorized payee routings under Account #1591.

## VII. PROOF OF COMPLETE ELECTRONIC SERVICE ON DEFENDANT UMG UNDER FED. R. CIV. P. 5(b)(2)(E) PURSUANT TO THE PARTIES' WRITTEN AGREEMENT OF AUGUST 21, 2026

A. Formal Written Consent to Electronic Service (August 21, 2026): Pursuant to Fed. R. Civ. P. 5(b)(2)(E), service of pleadings and papers may be effected electronically where "the person consented to in writing."

1. On August 21, 2026, Defendant Universal Music Group, Inc., through its counsel of record Vernon M. Strickland, Esq. (vstrickland@stricklanddebrow.com), formally entered into a mutual written agreement with Plaintiff consenting to electronic service of all pleadings, motions, and supporting exhibits via email. This binding agreement was established on the record and has been continuously affirmed in multiple filed Certificates of Service across this docket (see, e.g., ECF 28, 37).

B. Execution and Perfection of Service on October 2, 2026: In strict accordance with the August 21, 2026 written agreement and Fed. R. Civ. P. 5(b)(2)(E), on

Friday, October 2, 2026, at 8:05 PM EDT, Plaintiff transmitted complete, unredacted electronic copies of:

1. Plaintiff's First Amended Complaint Pursuant to Rule 15(a)(1)(B) (ECF 41);
2. Administrative Motion to Correct Federal Civil Cover Sheet (JS-44) (ECF 42); and
3. Master Exhibit List and Exhibit Volumes 1 through 4 (Exhibits A through WW).

C. Service Complete Upon Sending: Said documents were delivered directly to Attorney Strickland's designated electronic address of record (vstrickland@stricklanddebrow.com).

1. Under the explicit mandate of Fed. R. Civ. P. 5(b)(2)(E), "service is complete upon sending." Plaintiff retains contemporaneous proof of transmission and delivery. Following the 2016 amendments to the Federal Rules of Civil Procedure, Rule 6(d) does not extend the response period for service effected electronically.

D. Expiration of Statutory Window: Service was fully executed and completed on October 2, 2026. Under Fed. R. Civ. P. 15(a)(3), UMG's 14-day statutory response period ran through Friday, October 16, 2026. Defendant UMG sought no extension of time under Rule 6(b)(1)(A), filed no responsive pleading, has

failed to plead or otherwise defend, and is subject to entry of default under Rule 55(a).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that:

1. The Clerk of Court enter default against Defendant Universal Music Group, Inc. pursuant to Fed. R. Civ. P. 55(a) for failure to plead or otherwise defend within the time required by Fed. R. Civ. P. 15(a)(3);
2. The Court enter an Order formally declaring Defendant Universal Music Group, Inc.'s prior Motion to Dismiss (ECF 31) DENIED AS MOOT;
3. The Court note that UMG has waived any defenses listed in Rule 12(b)(2)–(5) that were not timely raised pursuant to Fed. R. Civ. P. 12(h)(1), and may not file an untimely pre-answer motion absent leave of Court and an affirmative motion establishing excusable neglect under Fed. R. Civ. P. 6(b)(1)(B), Rule 55(c), and Rule 60(b);
4. The Court preserve Plaintiff's rights under Fed. R. Civ. P. 8(b)(6) regarding admitted factual allegations for subsequent default proceedings;
5. The Court note Plaintiff's express repudiation of any $550,000.00 cover sheet limitation, accept the Preliminary Forensic Computation Schedule setting forth restated baseline damages of $2,826,876.28, and preserve Plaintiff's rights

under Fed. R. Civ. P. 54(c) and Rule 55(b)(2) to complete an evidentiary hearing and judicial accounting;

6. The Court direct that upon completion of the Rule 55(b)(2) proceedings, a standalone Final Judgment be entered on a separate document pursuant to Fed. R. Civ. P. 58(a), embodying both the restated monetary award and permanent injunctive directives for catalog ownership correction; and
7. The Court GRANT such other and further relief as it deems just, proper, and equitable.

Respectfully submitted,

Dated: October 20, 2026,

/s/Terri V. Lowe
Pro Se Plaintiff
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com

## RULE 11 CERTIFICATION

I, Terri V. Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the foregoing notice and all supporting documents are well grounded in fact and are warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law; that the motion is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and that the factual contentions have evidentiary support.

## LOCAL RULE 7.1(D) CERTIFICATION

Pursuant to Local Rule 7.1(D), N.D. Ga., I hereby certify that the foregoing document has been prepared in accordance with the font and point selections approved by the Court in Local Rule 5.1(C), specifically using Times New Roman (14 point).

Dated: October 20, 2026,

/s/Terri V. Lowe
Pro Se Plaintiff
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com

**PLAINTIFF'S NOTICE OF STATUTORY DELINQUENCY PURSUANT TO FED. R. CIV. P. 15(a)(3), NOTICE OF APPLICATION FOR CLERK'S ENTRY OF DEFAULT, MATERIAL CHANGES IN OPERATIVE PLEADING (ECF 41) MOOTING ECF 31, PRELIMINARY FORENSIC COMPUTATION OF RESTATED DAMAGES (RULES 54(c) & 55(b)(2)), DEMAND FOR SEPARATE FINAL JUDGMENT UNDER RULE 58, AND NOTICE OF HEIGHTENED STANDARDS UNDER RULES 55(c) AND 60(b)**

I, Terri V. Lowe, declare under penalty of perjury as follows:

1. I am the Plaintiff in the above-captioned civil action, proceeding *pro se*. I make this Declaration based upon my own personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: October 20, 2026,

/s/Terri V. Lowe
Pro Se Plaintiff
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com

# CERTIFICATE OF SERVICE

I, Terri V. Lowe hereby certify that on October 20, 2026, I served a copy of the foregoing Plaintiff's Notice of Statutory Delinquency Pursuant To Fed. R. Civ. P. 15(A)(3), Notice of Application for Clerk's Entry of Default, Material Changes in Operative Pleading (Ecf 41) Mooting Ecf 31, Preliminary Forensic Computation of Restated Damages (Rules 54(C) & 55(B)(2)), Demand for Separate Final Judgment Under Rule 58, and Notice of Heightened Standards Under Rules 55(C) and 60(B) Upon counsel of record by email pursuant to as follows:

**Defendants Attorneys:**

**Kevin A. Maxim, Esq.**
The Maxim Law Firm, P.C.
1718 Peachtree St., NW, Suite 599
Atlanta, GA 30309
kmaxim@maximlawfirm.com

**Vernon M. Strickland, Esq.**
Strickland Debrow LLP
246 Bullsboro Drive, Suite A
Newnan, GA 30263
Email: vstrickland@stricklanddebrow.com

**Stephen Paul Dunn**
Bodman, PLC
1901 St. Antoine Street
6th Floor
Detroit, MI 48226
Tel.: 248-743-6000
Email: SDunn@bodmanlaw.com

**Marshall D. Long**
Smith, Gambrell & Russell, LLP
1105 West Peachtree Street N.E.,
Suite 1000
Atlanta, Georgia 30309
Telephone: 404-815-3500
Email: mlong@sgrlaw.com

**Colin Đặng Delaney**
Smith, Gambrell & Russell, LLP
1105 West Peachtree Street N.E., Suite 1000
Atlanta, Georgia 30309
Telephone: 404-815-3500
Email: cdelaney@sgrlaw.com

**Richard Reimer**
Lead Attorney
VP Legal Services for ASCAP
250 W. 57th Street
New York, NY 10107
Rreimer@ascap.com

Dated: October 20, 2026,

Respectfully submitted,

/s/Terri V. Lowe
Pro se Plaintiff
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com

EXHIBIT A

SEERVICE OF PLAINITFFS

FIRST AMENDED COMPLAINT

AND SUPPORTING DOCUMENTS

DATED OCTOBER 2, 2026

Gmail Terri Lowe <terrilowe43@gmail.com>

**Service of Plaintiff's First Amended Complaint and Supporting Documents - Case No. 1:26-cv-04506-MHC**
1 message

**Terri Lowe** <terrilowe43@gmail.com> Fri, Oct 2, 2026 at 8:05 PM
To: "Vernon M. Strickland" <vstrickland@stricklanddebrow.com>, Richard Reimer <rreimer@ascap.com>, Kevin Maxim <kmaxim@maximlawfirm.com>, "SDunn@BODMANLAW.COM" <SDunn@bodmanlaw.com>, Marshall Long <mlong@sgrlaw.com>, Colin Delaney <cdelaney@sgrlaw.com>

Counsel,

Please take notice that on October 2, 2026, Plaintiff Terri V. Lowe filed the following documents in the United States District Court for the Northern District of Georgia, Atlanta Division, in Civil Action No. 1:26-cv-04506-MHC:

1. Plaintiff's First Amended Complaint Pursuant to Rule 15(a)(1)(B);
2. Administrative Motion to Correct Federal Civil Cover Sheet (JS-44); and
3. Master Exhibit List and Exhibit Volumes 1-4 (Exhibits A through WW).

Copies of these filed documents are served upon you via electronic mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and agreement of the parties.

Respectfully submitted,

/s/ Terri V. Lowe
Pro Se Plaintiff
1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

Filed Volume 2 Exhibit List H_NN.pdf

Filed Volume 3 Exhibit List O_TT.pdf

Filed Volume 4 Exhibit List U_Z.pdf

EXHIBIT A PAGE 21

**3 attachments**

**Filed Plaintiffs Notice of Motion to Correct the Civil Cover Sheet.pdf**
1605K

**Filed Plaintiffs First Amended Complaint Pursuant to 15a1B.pdf**
1033K

**Filed Volume 1 Exhibit List A_GG.pdf**
19048K